FRED B. PARKER, Claimant, *v.* THE STATE OF NEW YORK.

Claim No. 17394.

Court of Claims, December, 1923.

*Claims against state — damage to farm lands by leakage from Barge canal — state negligent in construction of canal — claimant entitled to recover — damages.*

CLAIM for damage to property by reason of leakage from Barge canal.

55

*Fluhrer & Reed,* for claimant.

*Milton E. Gibbs,* deputy attorney-general, for the State of New York.

MORSCHAUSER, J. The claimant herein several years ago purchased a small parcel of land near Albion, Orleans county, N. Y., consisting of a house and barn and about ten acres of land. The highway and the canal took part of this land and left the claimant eight and three-quarters acres, of which four and ninety-seven one-hundredths acres was taken up in an orchard and buildings and the balance was left in meadow land.

The claimant alleged that owing to leakage from the Barge canal his premises were seriously affected in the year 1922 for which he filed a claim against the state asking damages in the sum of $13,253. The evidence established that there was considerable leakage from the canal during the year 1922 and both parties consented that the court visit the premises and examine same in the presence of the attorneys for the claimant and Milton E. Gibbs, deputy attorney-general, for the state of New York. Upon this examination we found that the allegation of the claimant, that there was considerable water coming from the canal upon the premises of the claimant, was correct, and that there was considerable water coming from the canal through various underground channels upon the premises of the claimant. This examination was made October 11, 1923.

The claimant upon the trial established by evidence that when the state built the canal at the location opposite the claimant's land the state placed in the bottom of the canal old timber, logs and large stones without properly filling in the spaces and left it so that there would be more or less leakage from the water in the canal upon claimant's premises and established to our satisfaction that the state was negligent in the construction of its canal at this particular place and so negligently and carelessly constructed its canal at that point as to establish negligence on the part of the state.

Upon the trial the claimant established, and the evidence was uncontradicted, that n the year 1922 due to said leakage from the Barge canal 19 apple trees died and 216 fillers, which are small fruit trees placed in between the apple trees when they are planted, died, and that 140 apple trees were affected but not totally destroyed and that 117 of the small fruit trees called fillers were affected but not totally destroyed. The claimant's meadow land was also affected and he also had one walnut tree which he claimed was affected and also that he was compelled to pay $108 to raise and cement his cellar as the water was seeping through and affected the cellar.

The trees that died and the trees that were affected had been affected by the water from the Barge canal for several years preceding 1922. The claimant testified that in 1918, 1919 and 1921 the water from the canal affected all of his trees and he filed claims for these years against the state and recovered damages therefor.

The small fruit trees, called fillers, had been planted about thirteen years. From the evidence it would appear that after they had arrived at a point where they crowd the apple trees the usual custom was to remove the fillers and usually they are kept in an orchard from thirteen to fifteen years, when they are removed.

In estimating the damage we are limited to the value of the trees as they were in 1922. They had been previously injured by water for about four years. The filler trees in the ordinary management of an orchard would necessarily have to be removed in a few years. We have estimated the damage to the claimant in view of the fact that his trees in previous years had been damaged. In arriving at the damages to the claimant we took into consideration the fact that his trees had been affected previously and made them worth considerably less than if they had been healthy trees. We can only allow damages on the value of the trees in 1922 as they stood at that time in view of the fact that the trees had previously been seriously affected by water and that the damage which the claimant can recover is limited to the value of the trees in 1922. We have estimated that the damage done the claimant to his trees and to his cellar and meadow land is the sum of $2,108.

We have filed with the clerk of this court a memorandum showing the number of trees dead and also the number affected and the amounts allowed for same, which may be helpful to this court in case the claimant files further claims in the future.

ACKERSON, P. J., concurs.

Judgment accordingly.